IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NUE CHEER FRANKLIN, Individually and as the Administratrix of the Estate of Elnoria Franklin, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACT. NO. 2:09CV1075-MEF |
| THE HEALTHCARE AUTHORITY FOR BAPTIST HEALTH, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 4, 2010, the plaintiff filed a motion to add attorney Gregory William Gill ("Gill") as a defendant in this case. (Doc. No. 39.) Specifically, the plaintiff contends that Gill was not prepared to represent her in a criminal misdemeanor case. (*Id.*) While leave to amend should be "freely given when justice so requires," the court can deny amendments when (1) the amendment would be prejudicial to the opposing party; (2) there has been undue delay or bad faith on the part of the moving party; or (3) the amendment would be futile. *See* FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Jameson v. Arrow Co.*, 75 F.3d 1528, 1534 (11th Cir. 1996).

The plaintiff seeks to add a new cause of action in this case by asserting that Gill violated her constitutional rights and state law by engaging in attorney malpractice. The only relationship between the claims contained in the plaintiff's complaint and her claim against Gill are that Gill represented her on criminal misdemeanor charges arising from the underlying

events which form the basis of the plaintiff's complaint against the present defendants.

To the extent the plaintiff's claims against Gill are founded on federal law, the clams are futile. An essential element of a § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "both an alleged constitutional deprivation . . . and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50, *quoting Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). A private attorney representing a defendant in a criminal proceeding does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983"); *Medina v. Minerva*, 907 F.Supp. 379, 382-83 (M.D. Fla. 1995) (attorneys representing defendant in habeas corpus proceedings did not act under color of state law). The complaint clearly indicates that Gill, the plaintiff's privately retained counsel, is not a state actor. Thus, the actions about which the plaintiff complains with respect to Gill were not committed by a person acting under color of state law. Consequently, the plaintiff's federal claims against Gill would be subject to dismissal by this court.

The plaintiff's claims concerning attorney malpractice, breach of fiduciary duty, and fraud are purely matters of state law. Allowing these supplemental claims against Gill has the

potential to prejudice the defendants by causing confusion and further conplicating this lawsuit. If the plaintiff desires to pursue claims against Gill, she should do so in state court. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's motion to add Gill as a defendant be DENIED. (Doc. No. 39.)

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **March 1, 2010.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of February, 2010.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE